**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| CML-AZ Blue Ridge, LLC, a Florida limited liability company,<br><br>        Plaintiff,<br><br>vs.<br><br>Blue Ridge Plaza East, LLP, an Arizona limited liability partnership; Blue Ridge Plaza West, LLP, an Arizona limited liability partnership; Emanuel M. and Debra Lee Scarpinato, as husband and wife, and co-trustees of the Scarpinato Family Revocable Living Trust; Sterling Ridge Construction, Inc., an Arizona corporation; Sterling Ridge Investments, L.L.C., an Arizona limited liability company; and Sterling Ridge Realty, Inc., an Arizona corporation,<br><br>        Defendants /<br>        Third-Party Plaintiffs,<br><br>vs.<br><br>Federal Deposit Insurance Corporation,<br><br>        Third-Party Defendant. | No. CV 11-1123-PHX-JAT<br><br>**ORDER** |

      Pending before the Court is Defendants/Third-Party Plaintiffs' Motion to Remand (Dkt. 17) filed by Blue Ridge Plaza East, LLP, Blue Ridge Plaza West, LLP, Emanuel M.

and Debra Lee Scarpinato, as husband and wife, and co-trustees of the Scarpinato Family Revocable Living Trust, Sterling Ridge Construction, Inc., Sterling Ridge Investments, L.L.C., and Sterling Ridge Realty, Inc. (collectively, "Third-Party Plaintiffs"). Third-Party Defendant Federal Deposit Insurance Corporation (the "FDIC") filed a response in opposition to the motion to remand (Dkt. 28), and Third-Party Plaintiffs filed a reply in support of their motion (Dkt. 30). The Court granted Third-Party Plaintiffs' motion to expedite (Dkt. 26) by setting oral argument on the motion to remand (Dkt. 36). A hearing was held on August 31, 2011, and the Court is now prepared to rule on the motion to remand.

## I. PROCEDURAL HISTORY

On January 21, 2011, Plaintiff CML-AZ Blue Ridge, LLC, filed a complaint against Third-Party Plaintiffs in the Superior Court for Maricopa County, Arizona. (Dkt. 1-1.) On March 4, 2011, Third-Party Plaintiffs' filed an answer to Plaintiff's complaint and a third-party complaint against the FDIC. (Dkt. 1.) Third-Party Plaintiffs served the third-party complaint on the FDIC on April 11, 2011. (*Id.*)

On April 7, 2011, Plaintiff filed a motion to strike the third-party complaint, which motion is ripe and currently pending before the Court. (Dkt. 1-2; 21.) Thereafter, on May 11, 2011, the FDIC filed a motion to dismiss for lack of jurisdiction pursuant to Rule 12(b)(1) of the Arizona Rules of Civil Procedure. (Dkt. 1-5.) The FDIC's motion to dismiss was pending and scheduled for oral argument before the state court when this action was removed.[1]

On June 3, 2011, the FDIC filed a notice of removal. (Dkt. 1.) The FDIC removed this action to the federal district court pursuant to "Title 28, U.S. Code, Chapter 89, and 12 U.S.C. § 1819." (*Id.*) After this action was removed, the FDIC filed a motion to strike or sever the third-party complaint, which motion is fully-briefed and currently pending before

---

[1] The Court did not consider the FDIC's motion to dismiss, because the FDIC did not file and serve a notice of the pending motion, as required by Local Rule 3.7(c). The Court takes no position as to whether the FDIC's motion to dismiss will remain pending before the state court upon remand.

- 2 -

1  the Court. (Dkt. 8.)

## II. REMOVAL TIME LIMITATIONS

As a general rule, an action is removable to a federal court only if the action could have been brought in federal court originally. 28 U.S.C. § 1441(a). The general removal statute provides that "[t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b). In addition to the general removal statute, the FDIC has broader removal rights under the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 ("FIRREA"). The FIRREA provision governing the broader removal rights of the FDIC provides that:

> [T]he Corporation may, without bond or security, remove any action, suit, or proceeding from a State court to the appropriate United States district court before the end of the 90-day period beginning on the date the action, suit, or proceeding is filed against the Corporation or the Corporation is substituted as a party.

12 U.S.C. 1819(b)(2)(B).

## III. ANALYSIS & CONCLUSION

Third-Party Plaintiffs argue that the FDIC's notice of removal was untimely pursuant to the time limitations set forth in both 28 U.S.C. § 1446(b) and 12 U.S.C. § 1819(b)(2)(B). The FDIC argues that its notice of removal was not late, but rather six weeks early. The parties do not dispute that the FDIC removed this action 91 days after the third-party complaint was filed, and 44 days after the third-party complaint was served on the FDIC. Additionally, the FDIC does not dispute that its notice of removal was untimely pursuant to the 30-day period set forth in 28 U.S.C. § 1446(b). The parties disagree as to whether the 90-day period in the FDIC removal statute should apply from the date on which the action was *filed* against the FDIC, or the date on which the action was *served* on the FDIC. For the reasons that follow, the Court applies the plain language of 12 U.S.C. § 1819(b)(2)(B), and finds that the FDIC's notice of removal was untimely and must be remanded to the state court.

"In determining Congress's intent, we must first look to the words of the statute. When the words of a statute are unambiguous[,] judicial inquiry is complete." *Confederated Salish & Kootenai Tribes v. United States ex rel. Norton*, 343 F.3d 1193, 1196 (9th Cir. 2003) (quoting *Conn. Nat'l Bank v. Germain*, 503 U.S. 249, 253–54 (1992)). The FDIC removal statute plainly states that the 90-day period begins to run "on the date of the action, suit, or proceeding *is filed* against the [FDIC]." 12 U.S.C. § 1819(b)(2)(B) (emphasis added). The FDIC urges the Court to construe the FDIC removal statute as requiring the calculation of the 90-day removal period from the date the FDIC *was served* with the summons and complaint, which would result in the timely removal of this action. The interpretation of this statute urged by the FDIC is clearly a departure from the text of the statute, and the FDIC does not contend that the statute is ambiguous.[2] The parties have not cited to any cases in the Ninth Circuit, and the Court has not found any authority for the proposition that the FDIC removal statute should be construed in a manner other than in accordance with the unambiguous text of the statute.

In support of its position, the FDIC relies on the District of Colorado's application of 12 U.S.C. § 1819(b)(2)(B) in *Costin Engineering Consultants, Inc. v. Latham*, 905 F. Supp. 861 (D. Colo. 1995). The Colorado District Court in *Costin* found that the FDIC had 90 days to remove the action from the date the FDIC was served. *Id.* at 864 (noting that the FDIC was never served with the plaintiff's original complaint; rather, the FDIC was only served with the first amended complaint). Although untimely under the express text of the FDIC removal statute, the FDIC in *Costin* filed its removal notice within 30 days of being served, which was timely under the general removal statute, 28 U.S.C. § 1446(b). *Id.*

In taking an equitable approach to its application of the FDIC removal statute, the

---

[2] It is difficult to think of two legal concepts more clearly distinguishable in rules and statutes than the difference between "service" and "filing." As law school students know, service is the formal delivery of legal process to an opposing party, *Black's Law Dictionary* 1372 (7th ed. 1999); whereas, filing is the delivery of a legal document to the court clerk, *id.* at p. 642.

Colorado District Court further reasoned that Congress intended to extend the removal period from 30 days to 90 days to make it consistent with the Resolution Trust Corporation ("RTC") removal period, governed by 12 U.S.C. § 1441a(*l*)(3)(A). *Id.* at 863. The Court disagrees that this line of reasoning supports an extension of the removal period. The RTC removal statute provides that the RTC may remove any action to federal court "not later than 90 days after the date the [RTC] is substituted as a party, or not later than 30 days after service on the [RTC]." 12 U.S.C. § 1441a(*l*)(3)(A)(i–ii). This removal provision distinguishes between substitution and service of the RTC. For consistency with the RTC removal period, the FDIC removal period should be construed as providing that the FDIC may remove an action to federal court not later than 90 days after the action is filed, or not later than 30 days after service on the FDIC. These time constraints are consistent with the plain language of the statutes governing removal in this action: 28 U.S.C. § 1446(b) and 12 U.S.C. § 1819(b)(2)(B). The FDIC removal statute clearly states that the 90-day period runs from the time that the action "is *filed* against" the FDIC. 12 U.S.C. § 1819(b)(2)(B). Whereas, the general removal statute clearly states that the 30-day period runs from the time that the FDIC is *served* with the complaint. 28 U.S.C. § 1446(b).

The FDIC argues that the interpretation of the FDIC removal statute in *Costin* is required, because Third-Party Plaintiffs' construction of the removal statute would allow a claimant to sue the FDIC in state court, wait 90 days to serve the FDIC, and thereby deprive the FDIC of the expanded 90-day removal period. However, the FDIC fails to account for the 30-day removal period provided for in 28 U.S.C. § 1446(b), which permits removal *after* service, in addition to the 90-day removal period that runs from the date the action is filed against the FDIC. The FDIC is not deprived of the 30-day removal period in the general removal statute by virtue of the FDIC removal statute. *See Bullion Servs., Inc. v. Valley State Bank*, 50 F.3d 705, 708 (9th Cir. 1995) ("The removal provision in question consistently has been construed as an attempt by Congress to expand, rather than restrict, the FDIC's ability to litigate in a federal forum."); *Kirkbride v. Cont'l Cas. Co.*, 933 F.2d 729, 733 (9th Cir. 1991) ("[T]here is authority to suggest that Congress drafted the FIRREA removal provisions

- 5 -

to supplement, not supplant, the general removal statute and that removals by the FDIC under FIRREA remain subject to the 30-day removal limitations period of section 1446(b)." (internal quotations omitted)).

Contrary to the hypothetical posed by the FDIC, the Court finds no reason in this action to depart from the unambiguous text of the FDIC removal statute. Here, as a result of the expanded 90-day removal period, the FDIC had 43 days from the date the FDIC was served with the third-party complaint to remove this action. This additional 13-day period is not an instance of the FDIC being deprived of its right to an expanded removal period. Clearly, this action does not warrant a departure from the explicit text of the FDIC removal statute. Further, contrary to the FDIC's assertion, the Court is not persuaded that the Court of Appeals decision in *Bullion* "requires the conclusion that the Ninth Circuit would embrace the *Costin* analysis." (Dkt. 28 at p. 3.) The FDIC reads too much into the *Bullion* decision, which addressed the issue of whether FDIC Corporate had a right to remove independent of the removal rights of FDIC Receiver. 50 F.3d at 705–06. The Court of Appeals does not suggest that the FDIC removal statute must be read to confer on the FDIC greater rights than the rights expressly provided for in the statute.

For the reasons set forth above, the Court will not depart from the unambiguous text of the FDIC removal statute. The FDIC removal statute does not supplant the FDIC's ability to timely remove pursuant to the general removal statute. Therefore, in order for the notice of removal to be timely under the removal statutes, the FDIC was required to remove this action "before the end of the 90-day period beginning on the date the action, suit, or proceeding is filed," 12 U.S.C. § 1819(b)(2)(B), or "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading," 28 U.S.C. § 1446(b). Based on the undisputed record, the FDIC's notice of removal is untimely, because it was filed more than 90 days after the action was filed against the FDIC, and more than 30 days after the FDIC was served with the summons and complaint.

As an alternative ground for remand, Third-Party Plaintiffs argue that the FDIC waived its right to remove by filing a motion to dismiss in the state court before filing the

notice of removal.  Third-Party Plaintiffs cite to *Resolution Trust Corporation v. Bayside Developers* for the proposition that a defendant may waive the right to remove to federal court if the defendant takes actions in state court that manifest its intent to have the matter adjudicated there.  43 F.3d 1230, 1240 (9th Cir. 1997).  However, the "waiver of the right of removal must be clear and unequivocal." *Id.* (quoting *Beighley v. Fed. Deposit Ins. Corp.*, 868 F.2d 776, 782 (5th Cir. 1989)).  It is unlikely that the FDIC's motion to dismiss for lack of subject matter jurisdiction constitutes a clear and unequivocal waiver of the FDIC's right to a federal forum.  However, whether the FDIC waived its right of removal is moot, because its notice of removal was untimely.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants/Third-Party Plaintiffs' Motion to Remand (Dkt. 17) is **GRANTED**.  This action shall be remanded to Maricopa County Superior Court as a result of the Third-Party Defendant's untimely removal.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to Supplement Plaintiff's Motion to Strike Third-Party Complaint (Dkt. 10) is **DENIED** as moot in light of the Court's order remanding this action to Superior Court.  All other motions remain pending before the Superior Court.

DATED this 2nd day of September, 2011.

James A. Teilborg
United States District Judge