**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| CML-AZ Blue Ridge, LLC, a Florida limited liability company,<br><br>    Plaintiff,<br><br>vs.<br><br>Blue Ridge Plaza East, LLP, an Arizona limited liability partnership, *et al.*<br><br>    Defendants.<br><br>vs.<br><br>Federal Deposit Insurance Corporation,<br><br>    Third-Party Defendant. | No. CV-11-01123-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Defendants/Third-Party Plaintiffs' Motion for Award of Costs and Attorneys' Fees Incurred as a Result of Improper Removal. Doc. 41. The Court now rules on the motion.

**I.    BACKGROUND**

On January 21, 2011, Plaintiff CML-AZ Blue Ridge, LLC initiated this action in Maricopa County Superior Court against Defendants/Third-Party Plaintiffs Blue Ridge Plaza East, LLP, among others. Defendants/Third-Party Plaintiffs subsequently filed a Third-Party Complaint against the Federal Deposit Insurance Corporation (FDIC). The FDIC was served with the Third-Party Complaint on April 20, 2011. The FDIC filed a notice of removal with this Court on June 3, 2011. Doc. 1. The FDIC filed its notice 44 days after the FDIC was

served with the Third-Party Complaint and 91 days after the filing of the Third-Party Complaint. Doc. 41 at 5-6. On June 27, 2011, Third-Party Plaintiffs filed a motion to remand this case to state court. Doc. 17. This Court granted the motion, and remanded the case to Maricopa County Superior Court on September 2, 2011. Doc. 38.

On September 30, 2011, Third-Party Plaintiffs filed a motion for an award of costs and attorneys' fees incurred as a result of improper removal. Doc. 41.

## II. AWARD OF ATTORNEYS' FEES

### A. 28 U.S.C. § 1447(c)

28 U.S.C. § 1447(c) provides that "[a]n order remanding [a] case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."

### B. Legal Standard

When a district court has remanded a case to state court, the district court retains jurisdiction to award attorneys' fees permitted under 28 U.S.C. section 1447(c). *Moore v. Permanente Medical Group, Inc.*, 981 F.2d 443, 445 (9th Cir. 1992). Attorneys' fees may be awarded if the "removing party lacked an objectively reasonable basis for seeking removal." *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2006) (quoting *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005)). The purpose of this statute is to grant district courts the discretion to "deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party." *Martin*, 546 U.S. at 140. When an objectively reasonable basis exists for seeking removal, fees should be denied. *Lussier*, 518 F.3d at 1065 (citation omitted).

The Ninth Circuit has implied, though it has not explicitly stated, that an untimely filed notice of removal lacks an objectively reasonable basis for removal. *See Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1254 (9th Cir. 2006); *see also Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 128 (1995) (untimely removal is "precisely the type of removal defect contemplated by § 1447(c)."). The Eleventh Circuit has found filing an untimely notice of removal to be objectively unreasonable. *Taylor Newman Cabinetry, Inc.*

*v. Classic Soft Trim, Inc.*, 436 F. App'x 888, 893, 2011 WL 2150183, at *4 (11th Cir. 2011). The Tenth Circuit also considers untimely removals to be objectively unreasonable. *Garrett v. Cook*, 652 F.3d 1249, 1254 (10th Cir. 2011) ("[i]f objectively unreasonable, an untimely removal may give rise to an award of fees and costs") (citing *Durham*, 445 F.3d at 1254). There may be, as there was in this case, a dispute regarding whether a notice of removal was timely filed. It is then appropriate to examine whether the removing party's timeliness argument was objectively reasonable.

When the relevant case law clearly forecloses the defendant's basis of removal, removal is not objectively reasonable. *See Lussier*, 518 F.3d at 1066-67 (citing *Lott v. Pfizer, Inc.*, 492 F.3d 789, 793-94 (7th Cir. 2007)). The Ninth Circuit has held that removal is not objectively reasonable when the petition for removal is unsupported by the relevant statute or case law. *Patel v. Del Taco, Inc.*, 446 F.3d 996, 999 (9th Cir. 2006).

**C. Discussion**

As Third-Party Plaintiffs implicitly concede, Doc. 41 at 5, there is no Ninth Circuit case clearly holding that an untimely filed notice of removal is per se objectively unreasonable. Although *Durham*'s implication of such a per se rule is well-supported by the Supreme Court's holding in *Martin* and with the decisions of the other Circuits, because there is no case law directly on point, *Lussier* requires this Court to analyze whether the relevant case law regarding the notice's timeliness clearly foreclosed the FDIC's basis of removal.

In determining whether the FDIC made objectively reasonable arguments regarding the timeliness of its notice of removal, the Court considers the removal statutes in question and the extent of other Circuits' case law supporting or contradicting the FDIC's position. In its reply to Third-Party Plaintiffs' motion, the FDIC repeatedly points out that it has a special removal statute, 12 U.S.C. section 1819(b)(2)(B). This is certainly true and is not in dispute. The FDIC then argues that all case law not mentioning the special removal statute is inapposite in finding that untimely notice of removal is objectively unreasonable. The FDIC's argument is incorrect. Notice of removal is untimely if it fails to comply with the requirements of the applicable removal statute, whether that is 28 U.S.C. section 1446(b) or

the FDIC's special removal statute. Cases need not mention the special removal statute to be relevant on the issue of whether a notice of removal, once found untimely, is objectively reasonable.

Since the parties agree that the FDIC filed its notice of removal outside of the timeliness standard of 28 U.S.C. section 1446(b), the relevant question is whether the FDIC was objectively reasonable in its interpretation of the special removal statute's timeliness requirement. Although this Court has previously held in this same case that the FDIC's interpretation is inconsistent with the unambiguous text of the special removal statute, *CML-AZ Blue Ridge, LLC v. Blue Ridge Plaza East, LLP*, No. CV11-1123-PHX-JAT, 2011 WL 3876040, at *4 (D. Ariz. 2011), this holding does not necessarily preclude the FDIC's interpretation from being objectively reasonable.

In making its argument, the FDIC relied solely upon a District Court of Colorado decision, *Costin Engineering Consultants, Inc. v. Latham*, 905 F. Supp. 861, 864 (D. Colo. 1995). The court in *Costin* concluded in dicta that Congress, in drafting a statute that uses the word "filed," actually intended the 90-day period to run from when the FDIC was "served." 905 F. Supp at 864. *See also W. States Contracting v. Spilsbury*, No. 2:10-CV-1141-TC, 2011 WL 2357883, at *2 (D. Utah 2011) (approving of *Costin*). At the time that the FDIC filed its notice of removal, this Court had never interpreted the removal period provided in 12 U.S.C. section 1819(b)(2)(B). This Court has subsequently twice rejected the FDIC's argument. *CML-AZ Blue Ridge*, 2011 WL 3876040, at *2; *CML-AZ Blue Ridge, LLC v. Sterling Plaza West, LLC*, No. CV11-01122-PHX-FJM, 2011 WL 4068877, at *2 (D. Ariz. 2011).

Despite rejecting the FDIC's interpretation of the special removal statute, this Court is not prepared to say that the FDIC lacked an objectively reasonable basis for its interpretation. *Costin* was the product of an Article III judge reaching a conclusion based upon a reasoned and fully articulated opinion. While this Court respectfully disagrees with the result in *Costin*, it was not objectively unreasonable for the FDIC to rely upon the decision. When another district court has issued a decision supporting the removing party's

argument, the relevant case law does not clearly foreclose the basis for removal. Accordingly, the basis for the argument is objectively reasonable. *See Lussier*, 518 F.3d at 1066-67 (citing *Lott*, 492 F.3d at 793-94).

Because the FDIC had an objectively reasonable basis for seeking removal, this Court will not grant attorneys' fees to Third-Party Plaintiffs.

Accordingly,

**IT IS ORDERED** denying Defendants/Third-Party Plaintiffs' Motion for Award of Costs and Attorneys' Fees Incurred as a Result of Improper Removal. Doc 41.

DATED this 22nd day of February, 2012.

James A. Teilborg
United States District Judge